# Exhibit 5

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

Sean Wilson )
*Plaintiff* )
v. ) Civil Action No. 18-cv-05275-RSL
)
PTT, LLC, d/b/a High 5 Games, LLC )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Apple Inc. c/o CT Corporation System
330 N Brand Blvd, Ste 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached rider

| Place: EDELSON PC<br>150 California Street, 18th Floor<br>San Francisco, CA 94111 | Date and Time:<br>11/12/2021 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/22/2021

*CLERK OF COURT* OR [signature]

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Sean Wilson , who issues or requests this subpoena, are:

Brandt Silver-Korn, 150 California Street, 18th Fl., San Francisco, CA 94111, bsilverkorn@edelson.com, 415.234.5343

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 18-cv-05275-RSL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>*Defendant*. | Case No. 18-cv-05275-RSL<br><br>**RIDER TO SUBPOENA TO APPLE INC.** |

## *I. Definitions*

1. "Communication" or "Communications" means the transmittal of information, facts or ideas, Including Communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, e-mail attachment, instant message, text message, electronic chat, telegram, audio recordings, advertisement or other form of exchange of words, whether oral or written, or sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or with Your employees. "Communication" or "Communications" also means all written and unwritten but recorded correspondence, Including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, Including memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, computer files, computer discs, or other things sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or with Your employees.

2. "Date" means the exact year, month, and day, if known, or if not known, Your best approximation thereof.

3. "Document" or "Documents" means any writings, letters, telegrams, memoranda, correspondence, Communications, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of Communication is recorded, stored or produced, Including audio and video recordings, and ESI (Including e-mails, web pages, websites, computer discs, computer programs and computer files, Including, where applicable, compiled and uncompiled source code), whether or not in printout

form. These terms shall also mean copies of Documents even though the originals are not in Your possession, custody or control; every copy of a Document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any Documents; and any other Documents, item and/or information discoverable under federal law and procedure, Including, without limitation, the items referenced in Federal Rule of Civil Procedure 34(a)(1).

4. "Electronically Stored Information" or "ESI" as used herein, means and refers to computer generated information or data of any kind, stored on computers, file servers, discs, tape or other devices or Media, or otherwise evidenced by recording on some storage Media, whether real virtual, or cloud based.

5. "Including" means "including, but not limited to;" "Includes" means "includes, but is not limited to."

6. "Media" means or refers to an object or device, real or virtual, Including a disc, tape, computer or other device, on which data is or was stored.

7. "Metadata" means or refers to data about data, Including information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified the native file, which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

8. "Person" means any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

9. "Plaintiff" means Plaintiff Sean Wilson.

10. "Purchase Information" means the Date, time, dollar amount, number of Virtual Chips purchased, and UserId associated with a Virtual Chip Transaction.

11. "Related Entities" means an entity's predecessors and successors, present and

former agents, present and former attorneys, present and former directors, present and former divisions, present and former employees, present and former officers, present and former related companies, present and former subsidiaries, and all Persons acting, purporting to act, or that have purported to act on behalf of any of them.

12. "Relevant Time Period" means all time periods from April 6, 2014 to Present that are not included in the Virtual Chip Transaction Data You produced in this matter on April 21, 2020.

13. "UserId" means a unique identifier attached to a Person who has a High 5 Casino, High 5 Vegas, and/or Apple App Store account.

14. "Virtual Chips" means the virtual currency users may purchase in casino apps, regardless of the denominated name for that virtual currency within the app (e.g., "Chips," "Coins," "Tokens," "Credits," etc.).

15. "Virtual Chip Transaction" means a transaction in which a casino app user exchanges money for Virtual Chips.

16. "You" or "Your" means Apple Inc. and its Related Entities.

## II. General Instructions

1. All Documents must be produced in their native data format, along with all relevant Metadata. In the event You contend that Documents to be produced in response to any of the Requests are more readily available and easier to use, search, manage, and produce in a non-native form, You shall promptly notify Plaintiff's counsel of the specific Documents at issue and the Parties shall meet and confer. If no agreement as to the format of the production for the Documents specified can be reached, the Parties shall submit their dispute to the Court.

2. Each page of the produced Document or Media upon which ESI in native format is produced shall have a legible, unique page identifier, or "Bates Number."

3. Where production of .tiff images rather than native format ESI is agreed upon by the Parties, each Document image file shall be named with the unique Bates Number of the first

page of the Document, followed by the extension ".tiff." To the extent separate text files are provided, text files should be named the same as the first .tiff image of the Document.

4. When producing the requested Documents, You are to designate for which specific Request(s) the Document is responsive, identifying them by Bates Number. Under Federal Rule of Civil Procedure 45(e)(1), all Documents are to be produced in the form, order, and manner in which they are maintained in Your files. Documents are to be produced in the folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such manner that the office and location from which they were produced is readily identifiable. Whenever a Document or group of Documents is/are taken out of a file folder, file drawer, file box, or notebook, before the same is/are produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the Document or group of Documents was removed.

5. If any Document requested has been lost or destroyed since its creation, identify the nature of the Document (e.g., letter, email, etc.), the Date of the Document, the Persons who sent and received the original and any copy of the Document, a summary of the content of the Document and Describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

6. All definitions should be interpreted to include the defined terms in both their singular and plural forms.

### III. Requests for Production

**REQUEST FOR PRODUCTION NO. 1**

Documents sufficient to identify all Virtual Chip Transactions during the Relevant Time Period in each of the following casino apps offered on the Apple App Store: High 5 Casino and High 5 Vegas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to identify the Purchase Information for all Virtual Chip Transactions responsive to Request for Production No. 1.

**RESPONSE:**

\*  \*  \*

**SEAN WILSON,** individually and on behalf of all others similarly situated,

Dated: October 22, 2021

By: /s/ Brandt Silver-Korn
One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
Brandt Silver-Korn (SBN 323530)
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9495

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| Sean Wilson<br>*Plaintiff*<br>v.<br>PTT, LLC, d/b/a High 5 Games, LLC<br>*Defendant* | )<br>)<br>) Civil Action No. 18-cv-05275-RSL<br>)<br>)<br>) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google LLC c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached rider

| Place: EDELSON PC<br>150 California Street, 18th Floor<br>San Francisco, CA 94111 | Date and Time:<br>11/12/2021 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/22/2021

*CLERK OF COURT*  OR  *[signature]*

*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Sean Wilson , who issues or requests this subpoena, are:

Brandt Silver-Korn, 150 California Street, 18th Fl., San Francisco, CA 94111, bsilverkorn@edelson.com, 415-234-5345

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 18-cv-05275-RSL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>*Defendant*. | Case No. 18-cv-05275-RSL<br><br>**RIDER TO SUBPOENA TO GOOGLE LLC.** |

## *I. Definitions*

1. "Communication" or "Communications" means the transmittal of information, facts or ideas, Including Communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, e-mail attachment, instant message, text message, electronic chat, telegram, audio recordings, advertisement or other form of exchange of words, whether oral or written, or sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or with Your employees. "Communication" or "Communications" also means all written and unwritten but recorded correspondence, Including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, Including memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, computer files, computer discs, or other things sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or with Your employees.

2. "Date" means the exact year, month, and day, if known, or if not known, Your best approximation thereof.

3. "Document" or "Documents" means any writings, letters, telegrams, memoranda, correspondence, Communications, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of Communication is recorded, stored or produced, Including audio and video recordings, and ESI (Including e-mails, web pages, websites, computer discs, computer programs and computer files, Including, where applicable, compiled and uncompiled source code), whether or not in printout

form. These terms shall also mean copies of Documents even though the originals are not in Your possession, custody or control; every copy of a Document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any Documents; and any other Documents, item and/or information discoverable under federal law and procedure, Including, without limitation, the items referenced in Federal Rule of Civil Procedure 34(a)(1).

4. "Electronically Stored Information" or "ESI" as used herein, means and refers to computer generated information or data of any kind, stored on computers, file servers, discs, tape or other devices or Media, or otherwise evidenced by recording on some storage Media, whether real virtual, or cloud based.

5. "Including" means "including, but not limited to;" "Includes" means "includes, but is not limited to."

6. "Media" means or refers to an object or device, real or virtual, Including a disc, tape, computer or other device, on which data is or was stored.

7. "Metadata" means or refers to data about data, Including information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified the native file, which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

8. "Person" means any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

9. "Plaintiff" means Plaintiff Sean Wilson.

10. "Purchase Information" means the Date, time, dollar amount, number of Virtual Chips purchased, and UserId associated with a Virtual Chip Transaction.

11. "Related Entities" means an entity's predecessors and successors, present and

former agents, present and former attorneys, present and former directors, present and former divisions, present and former employees, present and former officers, present and former related companies, present and former subsidiaries, and all Persons acting, purporting to act, or that have purported to act on behalf of any of them.

12. "Relevant Time Period" means all time periods from April 6, 2014 to Present that are not included in the Virtual Chip Transaction Data You produced in this matter on April 22, 2020.

13. "UserId" means a unique identifier attached to a Person who has a High 5 Casino, High 5 Vegas, and/or Google Play Store account.

14. "Virtual Chips" means the virtual currency users may purchase in casino apps, regardless of the denominated name for that virtual currency within the app (e.g., "Chips," "Coins," "Tokens," "Credits," etc.).

15. "Virtual Chip Transaction" means a transaction in which a casino app user exchanges money for Virtual Chips.

16. "You" or "Your" means Google LLC and its Related Entities.

## II. General Instructions

1. All Documents must be produced in their native data format, along with all relevant Metadata. In the event You contend that Documents to be produced in response to any of the Requests are more readily available and easier to use, search, manage, and produce in a non-native form, You shall promptly notify Plaintiff's counsel of the specific Documents at issue and the Parties shall meet and confer. If no agreement as to the format of the production for the Documents specified can be reached, the Parties shall submit their dispute to the Court.

2. Each page of the produced Document or Media upon which ESI in native format is produced shall have a legible, unique page identifier, or "Bates Number."

3. Where production of .tiff images rather than native format ESI is agreed upon by the Parties, each Document image file shall be named with the unique Bates Number of the first

page of the Document, followed by the extension ".tiff." To the extent separate text files are provided, text files should be named the same as the first .tiff image of the Document.

4. When producing the requested Documents, You are to designate for which specific Request(s) the Document is responsive, identifying them by Bates Number. Under Federal Rule of Civil Procedure 45(e)(1), all Documents are to be produced in the form, order, and manner in which they are maintained in Your files. Documents are to be produced in the folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such manner that the office and location from which they were produced is readily identifiable. Whenever a Document or group of Documents is/are taken out of a file folder, file drawer, file box, or notebook, before the same is/are produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the Document or group of Documents was removed.

5. If any Document requested has been lost or destroyed since its creation, identify the nature of the Document (e.g., letter, email, etc.), the Date of the Document, the Persons who sent and received the original and any copy of the Document, a summary of the content of the Document and Describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

6. All definitions should be interpreted to include the defined terms in both their singular and plural forms.

### III. Requests for Production

**REQUEST FOR PRODUCTION NO. 1**

Documents sufficient to identify all Virtual Chip Transactions during the Relevant Time Period in each of the following casino apps offered on the Google Play Store: High 5 Casino and High 5 Vegas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to identify the Purchase Information for all Virtual Chip Transactions responsive to Request for Production No. 1.

**RESPONSE:**

\*   \*   \*

**SEAN WILSON,** individually and on behalf of all others similarly situated,

Dated: October 22, 2021

By: /s/ Brandt Silver-Korn
One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
Brandt Silver-Korn (SBN 323530)
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9495