GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
TIMOTHY LOOSE, SBN 241037
  tloose@gibsondunn.com
ADRIENNE LIU, SBN 331262
  aliu@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for Non-party Meta Platforms, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Subpoena of<br><br>META PLATFORMS, INC. | Case No. 5:21-mc-80284<br><br>**NON-PARTY META PLATFORM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Magistrate Judge Nathaneal M. Cousins |
| <u>Underlying Case</u><br><br>SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>       *Plaintiff,*<br><br>    v.<br><br>PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>       *Defendant.* | Action pending in the United States District Court for the Western District of Washington, Case No. 18-cv-05275-RSL |

## I.     INTRODUCTION

Last summer, non-party Meta Platforms, Inc. and Plaintiff Sean Wilson agreed that Meta would respond to Plaintiff's subpoena by producing name and address information for individuals in Washington who played virtual slot machine video games sponsored by High 5 Games, and also identifying which individuals spent over $100 in the games.  The parties further agreed that Meta's production of such information would satisfy Plaintiff's subpoena.  Pursuant to the parties' agreement, Meta provided all of that information to the class administrator on a timely and confidential basis on June 21, 2021, and considered the subpoena discharged.

Five months later, Plaintiff re-served Meta with the same subpoena that had been resolved by the parties' prior agreement.  By doing so, Plaintiff seeks to rescind the parties' understanding and burden Meta with re-running detailed and time-consuming queries of its databases, requiring Meta to provide detailed information about the specific dates and amounts of every player's individual purchases, down to the penny.[1]  That is tremendously burdensome in any circumstance.  It is especially so here: Meta is a non-party, and it has already responded to this same subpoena by providing a substantial amount of data in accord with the prior agreement that Plaintiff now seeks to cast aside.

There is no compelling need on Plaintiff's side to offset this burden to Meta.  Nor is there any development that would explain why Plaintiff now seeks to end-run his prior agreement regarding what data Meta would produce.  The only justification Plaintiff offers is his desire to include itemized transaction data for every player as an exhibit to his motion for summary judgment.  But Plaintiff does not argue that that information is required, or even relevant to the issues he seeks to advance on summary judgment.  For example, knowing that a certain player spent a specific amount of money on a High 5 video game slot machine on a certain day will not move the needle in one direction or

---

[1]  In the stipulated protective order, Plaintiff reserved only the right to "move to compel production of Facebook Protected Material directly to Plaintiff."  *Wilson v. PTT, LLC*, No. 18-cv-5275-RSL (W.D. Wash.), Dkt. 185.  But that is not the relief Plaintiff seeks here.  Instead of asking for the disclosure of information already collected and provided to the class administrator (the "Facebook Protected Material"), the relief sought here will require Meta to collect, review and produce a new set of information far more detailed and voluminous than what was previously generated and produced.

another.  Nor can Plaintiff describe why Meta's previous production of the players' names, contact information, and whether the person spent more than $100 on the video games at issue is insufficient—especially when Plaintiff's counsel previously agreed in June 2021 that Meta's production of such information would discharge the subpoena.  That Plaintiff's counsel now has had a change of heart does not mean that Meta should be required to bear the burden.

Plaintiff also seeks to burden Meta by requiring it to defend its objections to the subpoena in the Western District of Washington, rather than in this District, where Meta is at home.  But the rules require Plaintiff to proceed here out of recognition for Meta's status as a non-party, and there are no "exceptional circumstances" warranting transfer of this routine discovery dispute.  Litigating this matter anywhere else only increases non-party Meta's burden.  This Court should accordingly deny Plaintiff's motion in full.

## II.    ARGUMENT

### A.    Meta Already Has Produced Any Necessary Information Pursuant To A June 2021 Agreement With Plaintiff's Counsel

In June 2021, in response to an identical subpoena, Plaintiff and Meta agreed to a stipulated protective order under which Meta provided the class administrator with the contact information of individuals who made purchases in the video game slot machines at issue, and indicated whether the individual's total purchases exceeded $100.  *See Wilson v. PTT, LLC*, No. 18-cv-5275-RSL (W.D. Wash.), Dkt. 185.  Meta worked diligently to query the necessary data and undertook the tedious process of matching transaction data to available contact information, culminating in a production made to the administrator on June 21, 2021.

Plaintiff re-served the same subpoena in October 2021, and now seeks to undo the prior agreement between the parties.  Meta objected to the subpoena on November 26, 2021, contending that the subpoena effectively asks Meta to re-do its searches and provide much more detailed transaction data than the parties already agreed was required, and, significantly, asks that this more expansive, highly confidential data be produced to Plaintiff himself.  *See* Plaintiff's Motion to Compel, Decl. of Brandt Silver-Korn, Ex. 6 at 2–3 (Dkt. 1-1).  Plaintiff has yet to provide any reason why he should not be held to the terms of the parties' prior understanding, nor has he provided a basis for subjecting non-party Meta to additional burden and expense beyond what it already incurred to

respond to the same subpoena just six months ago.  Plaintiff offers only conclusory statements regarding the supposed relevance of the requested data to his impending motion for summary judgment.  The fact that Meta already provided information to identify who the players are, and who made more than $100 in purchases is more than sufficient, especially when Plaintiff's summary judgment motion is being brought on behalf of a certified class, such that the class representative's experience is supposed to serve as a proxy for each class member.  Fed. R. Civ. P. 23(a)(3); *Wilson v. PTT, LLC*, No. 18-cv-5275-RSL (W.D. Wash.), Dkt. 170 at 10–11 ("Each class member has claims based on the same alleged conduct and, if plaintiff establishes his claim, such proofs would also establish the claims of the absent class members.").  Plaintiff should not be allowed to end-run the previously agreed-upon scope of production and obtain highly confidential data from a non-party under the strained pretense of preparing summary judgment briefing.

This is especially so because Meta is a non-party that already has been subjected to, and discharged, the burden of responding to Plaintiff's subpoena in this case.  "While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery."  *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (citation omitted).  In fact, "the word nonparty serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery."  *Id.* (quotations omitted).  "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).  Here, the need does not outweigh the hardship, especially when any necessary and relevant information already has been produced to the administrator over six months ago in response to an identical subpoena.

**B.**     **Exceptional Circumstances Do Not Exist To Warrant Transfer Of This Proceeding**

This Court is the proper forum for this subpoena dispute, and it should deny Plaintiff's request to make Meta defend this dispute in Seattle, Washington.  Meta is located within this judicial district, and the law strongly favors enforcement of subpoenas in the venue where the non-party is located.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) (motions to compel to be filed in the "district where compliance is required"); Fed. R. Civ. P. 45(f) Advisory Comm. Notes, 2013 Amend., subd. (f) ("The prime

concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."); *see also Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015) (denying transfer of motion to compel from non-party's home district); *Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, No. MISC.A. 13-238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014) (same).

Requests to transfer subpoena disputes should therefore be denied unless there are "exceptional circumstances" requiring the transfer. Fed. R. Civ. P. 45(f). The party seeking transfer bears the burden of establishing that such circumstances are present, *id.*, and that they "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion," Fed. R. Civ. P. 45(f) Advisory Comm. Notes, 2013 Amend., subd. (f). Plaintiff has failed to show any "exceptional circumstances," much less demonstrate why those circumstances require transfer to effectively adjudicate the problematic issues with Plaintiff's subpoena.

Plaintiff contends in conclusory fashion that transfer to the Western District of Washington is required "in order to avoid disrupting the issuing Court's management of the underlying litigation." Motion at 4 (quoting Fed. R. Civ. P. 45(f), Advisory Comm. Notes, 2013 Amend., subd. (f)). But that could be said about any case in which a subpoena is issued to a non-party located outside the jurisdiction of the issuing court. It is hardly an "exceptional circumstance" that warrants transfer. The governing rules and cases contemplate that the non-party will be defending itself in the district where "compliance is required," Fed. R. Civ. P. 45(d)(2)(B)(i)—not necessarily the court that issued the subpoena—which is precisely why the law requires more than the fact that the underlying lawsuit is proceeding elsewhere before a non-party will be required to defend itself before a court that does not have subpoena power over it, *id.* 45(f); *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 408–09 (N.D. Ala. 2014) (because "[m]ost nonparty subpoenas will raise issues that are related to the underlying litigation," "[exceptional] circumstances do not exist simply because the issuing court is in a better position to decide the motion or because that court may resolve similar issues in the future").

Plaintiff attempts to create "exceptional circumstances" by overstating the role that the issuing

Court has played with respect to third-party subpoenas in litigation involving social casino companies.  But Plaintiff only cites (and Meta is only aware of) one instance where the issuing court adjudicated a motion to compel seeking to force a non-party to produce certain information.  That occurred in a different case, with a different entity, and concerned a different issue: production of contact information for individuals who played certain games, which Meta has already provided in response to Plaintiff's prior subpoena.  Ruling on Plaintiff's motion to compel would not "require the Court to duplicate review already conducted by the issuing court," and thus would not "risk[] disruption of that court's management of the underlying litigation" or the issuance of any inconsistent ruling.  *Drennen v. Certain Underwriters at Lloyd's of London*, 2021 WL 4978459, at *1 (C.D. Cal. Feb. 16, 2021) (quotations omitted); *see also CMB Expert, LLC v. Atteberry*, No. 3:14-MC-51-B-BN, 2014 WL 2197840, at *2 (N.D. Tex. May 27, 2014) (declining to find as "exceptional circumstances" "that the underlying action is 'fairly complex,' that there is a related criminal case, and that other, at most tangentially related motions are pending before the court in the [issuing district]").

Further, adjudicating Plaintiff's motion to compel does not require any substantive familiarity with the underlying litigation.  Meta's objections do not implicate the merits of the underlying case, and do not require this Court to delve into the issues regarding the nature of social casino games.  All that is before this Court are Meta's objections to Plaintiff's attempt to end-run the parties' prior agreements, and unfairly impose burdens on Meta.  Moreover, the fact the issuing court may have greater familiarity with the underlying case is insufficient in of itself to justify transfer.  *See* Fed. R. Civ. P. 45(f), Advisory Comm. Notes, 2013 Amend., Subdivision (f) (contemplating that "[j]udges in compliance districts" may "consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions"); *Garden City*, 2014 WL 272088, at *3 (denying transfer even where the issuing court "undeniably has greater familiarity with the Underlying Action and plaintiffs' theory of liability").

### III.    CONCLUSION

The instant motion attempts to force non-party Meta to generate and produce highly confidential individual transaction data in response to a subpoena that the parties resolved nearly six months ago.  But Plaintiff offers no reason why the detailed information that Meta already produced

1   to the administrator is insufficient, or why he should be permitted to circumvent the parties'

2   stipulated protective order.   Because Plaintiff has not justified his attempt to rescind the parties'

3   previous arrangement, this Court should deny the Motion.

4

5   Dated:  January 10, 2021                    By:_____*/s/ Christopher Chorba*_____
                                                     Christopher Chorba

6

7   GIBSON, DUNN & CRUTCHER LLP

8   *Attorneys for Non-party Meta Platforms, Inc.*